## Case No. 14,801.

### UNITED STATES v. CLARK.

[Crabbe, 584.] [2]

District Court, E. D. Pennsylvania. May 26, 1846.

EMBEZZLEMENT FROM MAIL — EMPLOYE OF POST OFFICE—INDICTMENT—BANK NOTE.

1. In an indictment under the act of March 3, 1825 [4 Stat. 102]. for embezzling a letter containing a bank note, it is not necessary to state the particular office held by the accused.

2. Neither is it necessary to allege the note to have been of an incorporated bank, or of any value.

This was an indictment [against Eben H. Clark] under the twenty-first section of the act of March 3. 1825 (3 Story's Laws. 1991), for embezzling a letter containing a bank note.

The case came on to be tried, before Judge RANDALL, and a jury, on May 25. 1846;

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reported by William H. Crabbe. Esq.]

and was submitted without argument by Mr. Petit, district attorney, for the United States, and by Mr. Wheeler, for Clark, except a suggestion, by the prisoner's counsel, that the indictment was defective as not stating the particular office held by Clark (who was postmaster at Cherry Ridge, Wayne county, Pa.), or alleging that the note was of an incorporated bank, or of any value. The words of the indictment were "that * * * one Eben H. Clark, late of the district aforesaid, Yeoman, then and there being a person employed in the department of the post office establishment, did secrete and embezzle a letter, to wit, etc., * * * the said letter then and there containing a bank note for the payment of ten dollars, contrary, etc."

RANDALL, District Judge. The indictment charges that the accused, being a person employed in the department in the post office establishment, did secrete and embezzle a letter, etc., containing a bank note for the payment of ten dollars.

It is objected, in the first place, that the indictment does not state what particular office the accused held; and precedents of indictments under St. 7 Geo. III. c. 50, show that the particular office is named. Appropriate precedents are certainly entitled to respect, and when they have been uniformly acted upon will be considered of authority; but the English statute names a variety of officers in the post office who shall be liable to the penalty, while the act of congress merely says "any person employed in any of the departments of the post office establishment," and the precedents in this court have been uniform with this one. The fact of such employment is a question for the jury, and I do not think the objection has any force.

It is next alleged that the bank note is not stated to have been of any incorporated bank, or of any value; and the case of Stewart v. Com., 4 Serg. & R. 194, is said to support that objection. It may be a sufficient answer to say that the case of Stewart v. Com. was decided on a local statute then in force, but since. as to that part of it. repealed, confining the larceny of bank notes to those of an incorporated bank; and that the act of congress, under which the present indictment is framed, makes no such distinction. In an indictment for larceny it is necessary to state the value of the article stolen, as well to ascertain the degree of the larceny, so as to enable the court to pass sentence of restitution. No such necessity exists in this case. The offence charged is secreting and "embezzling a letter." The punishment for this offence depends upon whether the letter contains any of the securities mentioned in the twenty-first section of the act of 1825, the first of which is "any bank note." The amount or value of the note does not alter or change the offence,

and is therefore immaterial. The object of the law is to insure a faithful discharge of the duties of the office by every one in any way connected with it. It therefore prevents all temptation to crime by punishing the embezzlement of one dollar as severely as that of ten thousand.